UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

        v.                      CAUSE NO. 3:21-CV-901-RLM-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed a complaint alleging the warden hasn't done enough to rid the prison of mice and rats. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Chandler alleges that a mouse or rat bit him as he slept on April 28, 2021. He acknowledges he received prompt and appropriate healthcare. This case isn't about the denial of constitutionally adequate medical care nor about not protecting Mr. Chandler from the mouse or rat. This is a conditions of confinement case because he alleges his cell block is infested with rodents and isn't adequately cleaned.

"[I]nfestations and his lack of access to adequate cleaning supplies, taken together, [can state a claim against the Warden if they deprive] him of the basic human need of rudimentary sanitation in violation of the Eighth Amendment." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016). These are the allegations presented in this complaint.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." Id. at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). "[A] court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. Even if no single condition of confinement would be unconstitutional in itself, exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment." Rhodes v. Chapman, 452 U.S. 337, 362–63 (1981) (footnote, quotation marks, and citation omitted).

For these reasons, the court:

(1) GRANTS Kevin Chandler leave to proceed against Ron Neal in his individual capacity for compensatory and punitive damages for subjecting him to a

rodent infested environment lacking rudimentary sanitation in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 11, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT