UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-901-RLM-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, proceeds in this case against Warden Ron Neal "in his individual capacity for compensatory and punitive damages for subjecting him to a rodent infested environment lacking rudimentary sanitation in violation of the Eighth Amendment[.]" ECF 12 at 2-3. Mr. Chandler alleges that a mouse bit him on April 28, 2021, because his cell block was infested with rodents and wasn't adequately cleaned. Id. at 1-2. Warden Neal seeks motion for summary judgment, arguing he did not violate Mr. Chandler's Eighth Amendment rights.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence that "demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Substantive law determines which facts are

material; that is, which facts might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "

A court deciding a summary judgment motion construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). The court can't make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment isn't a substitute for a trial on the merits or a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). The court's only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Payne v. Pauley, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment can't be granted. *Id*.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id*. Deliberate indifference is a high standard, and is "something approaching a total

2

unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). A plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Haywood v. Hathaway, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotation marks omitted).

Warden Neal offers an affidavit from Deborah Taylor, the Safety Hazard Manager at Indiana State Prison, who attests to the following: throughout 2021, Ms. Taylor was responsible for pest control in D Cell House, where Mr. Chandler was housed. In D Cell House, mice and other pests are often attracted to the midway that runs between cells, as this area is off limits to inmates, there is no foot traffic, and trash and food can accumulate in the area. To remedy mouse problems, prison staff regularly place mouse traps, "Contrac Blox" rodenticide, and Liqua-Tox rodenticide in the midway. In April 2021, all inmates in D Cell House were temporarily moved so that cell repairs could be made and each cell could be swept for garbage. Inmates are provided with cleaning supplies for their cells if requested. Because Mr. Chandler

3

doesn't dispute these facts in his response to the summary judgment motion, the court accepts them as undisputed.

Warden Neal argues that he responded reasonably to the mouse problem by having prison staff place traps and chemical agents in the midway, allowing inmates access to cleaning supplies to clean their cells, and ordering all cells to be cleaned as part of a statewide initiative to repair cells. Mr. Chandler responds Warden Neal was deliberately indifferent to his safety because he was bit by a mouse in April 2021 and Warden Neal failed to provide a reasonable measure to correct the problem. In support of this argument, Mr. Chandler provides emails exchanged between Warden Neal and prison staff, which show the following: On June 30, 2021, Warden Neal emailed prison staff that he was receiving complaints about mice in D Cell House. On July 1, 2021, prison staff responded that they were aggressively responding to the mouse problem by going into the midways, using spray, providing chemicals and supplies, power washing food carts, working to reduce the amount of food in the cell house, and disposing leftover food trays. Prison staff also informed Warden Neal they would take photos of the midway to see if anything more could be done and would send more workers to do another detail after the holiday. Warden Neal responded that prison staff should "stay aggressive" in removing excess food from the cell house. Mr. Chandler argues these emails show Warden Neal knew about, but did not fix, the mouse problem.

Mr. Chandler misunderstands the law. The standard isn't whether Warden Neal fixed the mouse problem in D Cell House, but whether he exhibited "a total

4

unconcern" for Mr. Chandler's welfare or a "conscious, culpable refusal" to prevent harm. *See* Duane v. Lane, 959 F.2d at 677. Applying this standard, Mr. Chandler provides no evidence by which a reasonable jury could conclude Warden Neal was deliberately indifferent to the mouse problem in D Cell House. The undisputed facts show prison staff informed Warden Neal they were responding to the mouse problem by placing traps and rodenticide in the midway and removing trash and excess food from the cell house, and Warden Neal responded they should "stay aggressive." Mr. Chandler attests he is sending the court physical evidence to show mouse feces are still present in his cell house. but the presence of mouse feces in the cell house doesn't show Warden Neal was deliberately indifferent in addressing the problem.

Because the undisputed facts show Warden Neal was informed prison staff was taking reasonable steps to remedy the mouse problem in D Cell House, and Mr. Chandler provides no evidence that Warden Neal ignored or responded unreasonably to the mouse problem, no reasonable jury could conclude Warden Neal was deliberately indifferent. Summary judgment for Warden Neal is warranted.[1]

For these reasons, the court:

(1) GRANTS Warden Neal's motion for summary judgment (ECF 56); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Kevin Chandler and to close this case.

---

[1] Because the court concludes the undisputed facts show Warden Neal was not deliberately indifferent to the mouse problem, it doesn't reach Warden Neal's other arguments that there was no objectively serious condition and that Warden Neal was not personally responsible for Mr. Chandler's conditions of confinement.

SO ORDERED on June 30, 2023

                                            /s/ Robert L. Miller, Jr.  
                                            JUDGE  
                                            UNITED STATES DISTRICT COURT